IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MELODY CRAWFORD,                }
                                }
    Plaintiff,                  }
                                }   CIVIL ACTION NO.
v.                              }
                                }   99-AR-815-S
AMSOUTH BANK, N.A.,             }
                                }
    Defendant.                  }
                                }

**ENTERED**
**JUL 13 2000**

**MEMORANDUM OPINION**

Before the court is a motion by plaintiff, Melody Crawford ("Crawford") to alter, amend, or vacate the order of June 14, 2000 granting summary judgment in favor of defendant, AmSouth Bank ("AmSouth"). Crawford predominantly relies on *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. ___, 120 S.Ct. 2097 (2000), decided by the Supreme Court just a day before this court granted summary judgment for AmSouth. Crawford questions whether the court considered the newly decided *Reeves* decision and suggests that the holding of *Reeves* should alter the outcome of the present matter.

The court is unable to determine which part of the *Reeves* holding Crawford thinks is relevant. Crawford's brief contains no

discussion or analysis of the holding of *Reeves*, or how the facts of her case might implicate that holding.  Crawford discusses *Reeves* to some extent, but does not undertake an application of her facts.  For example, when discussing *Reeves*, Crawford points out the long understood principle that, when considering a motion for judgment as a matter of law, any court must view the facts in the light most favorable to the non-moving party.  The court is well aware of this rule but does not see how the *Reeves* case is particularly instructive or adds anything new to this well-settled concept. on this well-settled rule of law.  The court applied that standard when considering AmSouth's motion for summary judgment.

Next, Crawford argues that *Reeves* stands for the proposition that proof of a defendant's dishonesty about a material fact should be considered by the factfinder, and that proof of such dishonesty can be tantamount to "affirmative evidence of guilt."  However true this general rule may be, the court does not understand its relevance here, because Crawford has not offered any evidence at all demonstrating AmSouth's dishonesty about any material fact.  The court is certainly aware that Crawford **believes** that AmSouth is being dishonest about its motives for her termination, but Crawford

presents no **evidence** to that effect.[1] Accordingly, the court does not understand how the general proposition - that evidence of dishonesty can equal proof of guilt - can turn the tide in Crawford's favor.

Next, Crawford attempts to argue that *Reeves* stands for the proposition that a defendant, to win a motion for summary judgment in an employment discrimination case, must show that "there is abundant and uncontroverted independent evidence that no discrimination has occurred." This is a completely incorrect statement of law. It is the **plaintiff**, not the defendant, who has the burden of proof. If the defendant demonstrates that the plaintiff has raised no genuine issue of material fact, or has failed to meet a necessary element of her claim, the defendant's motion for summary judgment must be granted.[2] The court is baffled by Crawford's argument here. Crawford has simply plucked a quote from a part of the *Reeves* decision that has nothing whatsoever to do with her situation. In *Reeves*, at the point in the decision where Crawford's chosen quote originated, the Supreme Court was

---

[1] Crawford insists that the affidavits of friends and co-workers who testify that Crawford was a "nice person" amount to "evidence" that she could not have cussed and yelled at her supervisor. The court does not agree, as will be discussed further below.

[2] *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548 (1986).

describing ways that the **defendant could win** a motion for summary judgment against the plaintiff **notwithstanding the fact that the plaintiff had succeeded in showing that the defendant's stated reasons for the adverse employment action are false**. In other words, the Court was describing the ways that the holding of Reeves, which generally increases the circumstances in which the plaintiff will succeed, might not apply to every set of facts, and sometimes the defendant will still win. This would hardly be the part of the Reeves decision that would be likely to be helpful to a plaintiff. The Reeves Court pointed out that one way that the defendant could win in such a situation - even though the defendant's stated non-discriminatory reason is shown to be false - is when there is "abundant and uncontroverted independent evidence that no discrimination has occurred." Reeves, 530 U.S. at ___, 120 S.Ct. 2109. This has nothing whatsoever to do with the proposition Crawford claimed for this quote from Reeves, and certainly does not represent a new standard a defendant must meet to win on summary judgment generally. And in this case in particular it also does not apply, because AmSouth's stated non-discriminatory reason for its adverse employment action against Crawford has not been shown to be false. Thus, there is no need to look beyond this point to

examine whether AmSouth would still win anyway. The court cannot help but comment on the fact that this sort of mischaracterization of the facts and the law has plagued Crawford in the presentation of her entire case, and it does not help her.

Because Crawford insists on a close look at Reeves by this court, it will look at Reeves and contrast its facts and holding to the case at hand. The holding of *Reeves* is as follows:

> [A] plaintiff's *prima facie* case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated.

The Court went on to explain:

> Whether judgment as a matter of law is appropriate in any particular case will depend on a number of factors. Those include the strength of the plaintiff's *prima facie* case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case and that properly may be considered on a motion for judgment as a matter of law. . . . It suffices to say that, because a *prima facie* case and sufficient evidence to reject the employer's explanation may permit a finding of liability, the Court of Appeals erred in proceeding from the premise that a plaintiff must always introduce additional, independent evidence of discrimination.

*Reeves*, 530 U.S. at \_\_\_, 120 S.Ct. at 2109.

In *Reeves*, an age discrimination case, the petitioner easily made his *prima facie* case by showing that he was treated less favorably than similarly situated younger employees. Crawford, on

the other hand, in this race discrimination case, has not made her *prima facie* case. She cannot show that a similarly situated white employee received more favorable treatment. Crawford insists that Lisa Hardy was promoted over her when Hardy's status was changed from Supervisor I to Supervisor II. The court does not agree. When Hardy's status was changed, she continued doing the exact same job she was doing before, with no additional duties or responsibilities, and no additional employees under her supervision. All that occurred was that a new supervisor made the decision to give her a moderate pay increase to bring her in line with bank policy of paying supervisors a higher rate if they supervised over six employees. The court is well aware that Crawford insists that this change of status for Hardy amounts to a promotion. Having carefully considered the matter, the court does not agree.

With respect to Crawford's termination, *Reeves* is also instructive. The *Reeves* Court observed that Reeves was able to introduce substantial evidence to demonstrate that his employer's alleged "non-discriminatory explanation" for the termination was a pretext. Reeves was terminated because he was alleged to have intentionally falsified employment records for employees under his

supervision. Reeves introduced evidence to demonstrate not only that the records were correct, but that the decision-maker who fired him had no good-faith basis for his claim that they were incorrect, and certainly no good-faith basis for the accusation that Reeves had **deliberately** falsified the records. The Supreme Court found that this evidence sufficiently demonstrated that the employer's stated reason for the termination was a pretext. The Court then held, as the central holding of *Reeves*, that this evidence of pretext, in and of itself, could be sufficient to allow a jury to find that the true reason for the adverse employment action was impermissible age discrimination. The Court held that once the non-discriminatory explanation is shown to be pretextual, it was not always necessary to introduce additional evidence indicating that age discrimination was, in fact, the true motivating factor.

  Here, in contrast, Crawford has offered **no** admissible evidence to challenge AmSouth's stated reason for her termination. AmSouth claims that Crawford was terminated for inappropriately cussing and yelling at her supervisor when Crawford was informed of her demotion to lobby teller. There were no witnesses to the event other than Crawford and her supervisor. In attempting to

demonstrate that this charge of cussing and yelling was no more than a pretext for race discrimination, Crawford has introduced affidavits of friends who insist that Crawford was a "nice" person who "got along with everyone." The conclusion that Crawford wishes the court to draw from these affidavits is that Crawford, being a nice person, was incapable of this kind of outburst against her supervisor that lead to her termination. Crawford insists that these affidavits were not given sufficient weight by the court in its decision to grant summary judgment against her. The court disagrees. This "character" evidence offered by Crawford's friends is simply not probative with respect to what actually occurred on the day she allegedly cussed at her supervisor. More to the point, however, is that even if the affidavits did prove beyond a doubt that Crawford never raised her voice at all, they would be completely irrelevant. The issue is not whether Crawford raised her voice to her supervisor. The issue, instead, is whether the decision-maker who terminated Crawford did so based on the impermissible motivation of intentional race discrimination.[3]

---

[3] The Eleventh Circuit has clearly established that evidence showing a false factual predicate underlying the employer's proffered reason does not prove that the employer did not rely on the reason in making the employment decision. Instead, it may merely indicate that the employer, acting in good faith, made the disputed employment decision on the basis of erroneous information. *Elrod*, 939 F.2d at 1470 ("We can assume for purposes of this opinion that the complaining employees ... were lying through their teeth. The inquiry ... is limited to whether

8

Crawford would have to show, as Reeves did, that the AmSouth decision-maker who determined that Crawford had yelled at her supervisor made that determination without a good faith basis for having reached that conclusion, thus demonstrating that the stated reason for Crawford's termination was pretextual. Had Crawford been able to make that showing, she might then have been able to argue that *Reeves* now allows a factfinder to conclude that this evidence of pretext alone can sufficiently demonstrate that the true motivation for the termination was race discrimination. But Crawford fell far short of that goal. As discussed in the original memorandum opinion accompanying the order granting summary judgment, this court is satisfied that Rena Ramsey, the decision-maker in Crawford's termination, had a good faith basis for disbelieving Crawford's version of the events that day. Once an employer demonstrates that its decision had a good faith basis, not shaped by impermissible motivations, the court cannot seek to determine whether the employer's decision was "wise."

Having read and considered Crawford's Rule 59 motion and

---

[the decisionmaker] believed that [the plaintiff] was guilty of the alleged [misconduct], and if so, whether this belief was the reason behind [the plaintiff's discharge]"). It is obviously not a violation of federal employment discrimination laws for an employer to err in assessing the performance of an employee. *See Moore v. Sears, Roebuck and Co.*, 683 F.2d 1321, 1323 n. 4 (11th Cir. 1982).

9

brief, the court finds that no other matters have been raised that could be considered "new," and the court is satisfied that the original memorandum opinion adequately addresses any other arguments Crawford raised in original brief in opposition to summary judgment or in this motion to alter, amend, or vacate.

### Conclusion

Based on the foregoing, Crawford's motion to alter, amend, or vacate is due to be denied. An appropriate order will be separately entered.

DONE this 13th day of July, 2000.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE